# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 09-4967 PA (CWx) | Date | January 6, 2010 |
|---|---|---|---|
| Title | Christopher D. MacDevitt, et al. v. California Pizza Kitchen, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Paul Songco | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

Plaintiffs Christopher D. MacDevitt, Robert H. Rede, and Catherine Riley ("Plaintiffs") filed this action against defendant California Pizza Kitchen ("Defendant"). In their Second Amended Complaint, Plaintiffs allege that Defendant violated their rights under the Americans with Disabilities Act, the Family and Medical Leave Act, the California Fair Employment and Housing Act, and the California Family Rights Act. Plaintiffs are Defendant's former restaurant employees. Plaintiffs MacDevitt and Rede allege that they requested reduced hours because they suffer from medical conditions which limit their ability to work long hours. Defendant denied these requests, which led to the constructive discharge of MacDevitt and Rede. Plaintiff Riley alleges that Defendant terminated her after she requested leave to care for her mother, who has Alzheimer's disease.

According to the parties' Joint Scheduling Conference Report, Plaintiffs worked at multiple restaurants located in "Northern California," and they plan to depose witnesses who worked at those restaurants. Plaintiffs are all residents of the Northern District of California, and the parties indicate that most depositions will take place in the San Francisco or San Jose areas, which are both located in the Northern District of California.

Accordingly, the Court orders Plaintiffs, no later than January 27, 2010, to show cause in writing (not to exceed 15 pages) why this action should not be transferred to the United States District Court for the Northern District of California ("Northern District") for the convenience of the parties and witnesses, and in the interests of justice. See 28 U.S.C. § 1404(a). Defendant is ordered to file its response no later than February 3, 2010. All factual matters relied upon in the parties' submissions must be supported by appropriate declarations and admissible evidence. To assist the Court in determining whether transfer is appropriate and in the interest of justice, the parties are directed to address the following, in addition to sharing their beliefs as to which forum is more convenient for the parties and witnesses:

1. Whether this action could have been brought in the Northern District.

2. Whether venue is appropriate in the Northern District.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4967 PA (CWx) | Date | January 6, 2010 |
|---|---|---|---|
| Title | Christopher D. MacDevitt, et al. v. California Pizza Kitchen, et al. | | |

3. What contacts, if any, each of the parties has to the Central District of California ("Central District") and to the Northern District. The parties should include information regarding the location of their administrative offices, real property, sources of revenue, and points of public contact.

4. What connection Plaintiff's cause of action has to the Central District and to the Northern District.

5. Which witnesses are expected to be called and where they reside.

6. The availability of compulsory process to compel attendance of unwilling non-party witnesses in the Central District as compared to the Northern District.

7. The ease of access to sources of proof in each of the two forums.

8. The expected difference in the cost of litigation in the Central District as compared to the Northern District.

9. Whether there are any alternative forums, other than the Central District or theNorthern District, that would be more convenient for this action and why, keeping in mind the inquiries above.

Plaintiffs' failure to timely respond to the order to show cause may result in the dismissal of this action without prejudice. The Scheduling Conference currently on calendar for January 11, 2010 is hereby continued to February 22, 2010 at 10:30 a.m.

IT IS SO ORDERED.