SEND

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4967 PA (CWx) | Date | January 6, 2010 |
|---|---|---|---|
| Title | Christopher MacDevitt, et al. v. California Pizza Kitchen, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | None | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   ORDER TO SHOW CAUSE

The Court is in receipt of the Second Amended Complaint[1] ("SAC") filed by plaintiffs Christopher D. MacDevitt, Robert H. Rede, and Catherine Riley ("Plaintiffs"), all former employees of defendant California Pizza Kitchen ("Defendant").  Plaintiffs have sued Defendant for violations of the Americans with Disabilities Act, the Family and Medical Leave Act, the California Fair Employment and Housing Act, the California Family Rights Act, and wrongful termination.

The SAC alleges that MacDevitt suffers from acute atrial fibrillation.  In July 2006, MacDevitt requested that his hours be reduced, since his medical condition limited his ability to work long hours.  MacDevitt's request was denied, and he was transferred to another location which required him to commute two hours each way.  MacDevitt alleges that he was constructively terminated in October 2006.  Rede suffers from hypertension, which also limits his ability to work long hours.  Rede requested to be reassigned to positions which would require fewer hours in April 2007 and August 2007; instead, Defendant increased his responsibilities, leading to Rede's constructive discharge in September 2007.  Riley is not alleged to suffer from any medical condition, but has a mother who suffers from Alzheimer's disease.  Riley requested leave in June 2008 to care for her mother.  Defendant did not respond to her request, but terminated her two weeks later.

Federal Rule of Civil Procedure 20(a)(1), which allows for permissive joinder, provides:

> Persons may join in one action as plaintiffs if:
> (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

---

[1]   Plaintiffs have erroneously titled their Second Amended Complaint, which was filed on October 20, 2009, a "First Amended Complaint."  Plaintiffs have already filed a First Amended Complaint on June 23, 2009, which the Court partially dismissed with leave to amend in an order dated October 6, 2009.

**SEND**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4967 PA (CWx) | Date | January 6, 2010 |
|---|---|---|---|
| Title | Christopher MacDevitt, et al. v. California Pizza Kitchen, et al. | | |

(B) any question of law or fact common to all plaintiffs will arise in the action.

Fed. R. Civ. Proc. 20(a)(1); see also League to Save Lake Tahoe v. Tahoe Regional Planning Agency, 558 F.2d 914, 917 (9th Cir. 1977). "The first prong, the 'same transaction' requirement, refers to similarity in the factual background of a claim." Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997).

Based on the factual allegations in the SAC, it does not appear that there is a question of fact or law common to all Plaintiffs. Nor is it clear that Plaintiffs' joint claims against Defendant arise out of the same transaction or occurrence. Rather, it appears that Plaintiffs were terminated or constructively discharged on three separate occasions for unrelated reasons.

The Court therefore orders Plaintiffs to show cause in writing, no later than January 20, 2010, why one or more parties should not be dropped from this case for improper joinder. See Fed. R. Civ. P. 18, 20, 21; see also Coughlin, 130 F.3d at 1351 (finding misjoinder where "[e]ach claim raises potentially different issues, and must be viewed in a separate and individual light by the Court.").

In response to this Order to Show Cause, Plaintiffs may, if they so choose, file separate actions against Defendant, with new complaints and filing fees.

IT IS SO ORDERED.